**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 7 |
| PAINTED TREE HOUSTON, LLC | § § | Case No. 26-32918 |
| Debtor. | § § § | |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS,**
**METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Painted Tree Marketplace, LLC ("Parent Debtor") and 64 affiliates ("Affiliate Debtors"), as debtors and debtors in possession (collectively, the "Debtors") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The Schedules and Statements have been signed by Joe Courtright, the manager of Jayhawk-PTM Investco, LLC, which is the manager of the Painted Tree Marketplace, LLC. Mr. Courtright has not (nor could have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Courtright has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Courtright necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review

of the Schedules and Statements.  The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements.  Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

## Global Notes and Overview of Methodology

1.  **General Reservation of Rights**.  Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material.  Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.  The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("Claim") as "disputed," "contingent," or "unliquidated."  Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any party's rights with respect to these chapter 7 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Bankruptcy Court.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.  **Description of Cases and "As Of" Information Date**.  On April 28, 2026 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.  Unless otherwise stated herein, liabilities are reported as of the Petition Date.

3.  **Basis of Presentation**.  The Schedules and Statements purport to reflect the assets and liabilities of separate Debtors.  The Debtors, however, along with their wholly-owned non-Debtor subsidiaries, prepare financial statements for financial reporting purposes on a consolidated basis.  The Debtors reserve all rights relating to the legal ownership of assets and liabilities among the Debtors and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records.  The Schedules and Statements do not purport to represent financial statements prepared in

2

accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4. **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in the Schedules are inclusive of each Debtor's guarantor obligations.

5. **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including goodwill, intangibles, and certain accrued liabilities including, but not limited to, accrued employee compensation and benefits, certain customer accruals, tax accruals, accrued accounts payable, accrued contract termination damages, deferred income accruals, litigation accruals, and certain deposits.  The Debtors have also excluded potential Claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such Claims exist.  Further, certain immaterial assets and liabilities may have been excluded.

6. **References**.  References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

7. **Currency**.  All amounts are reflected in U.S. dollars.

8. **Book Value**.  Unless otherwise indicated, the Debtors' assets are shown on the basis of their net book values as of March 31, 2026, and the Debtors' liabilities are shown on the basis of their net book values as of the Petition Date. Other than bank accounts, the Affiliate Debtors held no assets. All assets were held by the operating Parent Debtor, Painted Tree Marketplace, LLC.  Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books.  Net book values may vary, sometimes materially, from market values. The Debtors do not intend to amend these Schedules and Statements to reflect market values.  The book values of certain assets may materially differ from their fair market values.

9. **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors, nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors reserve all rights to recharacterize, reclassify,

3

recategorize, or re-designate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate.

10. **Claims of Third-Party Entities**.  Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates.  Therefore, to the extent that the Debtors have classified their estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

   **Liabilities**.  The Debtors allocated liabilities based on known information in the Debtors' books and records at the time of the filing of the petitions.   The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to the extent there are new information. The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.

11. **Guarantees and Other Secondary Liability Claims**.  Where guarantees or similar secondary liability claims have been identified, they have been included in the relevant liability Schedule for the Parent Debtor as the operating entity.  The Affiliate Debtors did not guarantee the obligations of any other Debtor.  The Debtors have also listed such obligations related to funded debt or debt for borrowed money on the applicable Schedule H.  It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights (but expressly do not undertake any obligation) to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

12. **Intercompany Claims**.  The Parent Debtor acted as the consolidated operating entity for all 64 Affiliate Debtors.  All points of sales receipts and revenue were collected at Affiliate Debtors and consolidated through daily cash sweep into the cash concentration account managed by the Parent Debtor. The Parent Debtor, on behalf of the Affiliate Debtors, disbursed payments to landlords, vendors, shop owners, utilities and other creditors necessary for the operations of each Affiliate Debtors. Books and records reflect the receipts and expenses per each Affiliate Debtors but the financial records are consolidated into the Parent Debtor with no notable intercompany debt or claims between the Parent and its subsidiary Debtors.

13. **Insurance**.  The Debtors have set forth insurance policies as assets or executory contracts in the Schedules and Statements.

14. **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts or unexpired leases as assets in the Schedules and Statements.  The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.  While the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred. The

Debtors reserve their rights (but expressly do not undertake any obligation) to amend the Schedules to the extent there is additional relevant information emerge.

15. **Claims Description**.  Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

16. **Causes of Action**.  Despite their reasonable efforts, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

17. **Undetermined Amounts**.  Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown." The description of an amount as "unknown," is not intended to reflect upon the materiality of such amount.

18. **Unliquidated Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

19. **Liens**.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached or to be attached) to such property or equipment.

20. **Employee Addresses**.  Personal addresses of current and former employees and directors and officers have been removed from entries listed throughout the Schedules and Statements, where applicable.  Personal addresses of Shop Owners are similarly redacted, where applicable.

21. **Insiders**.  In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities that the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or

5

corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to questions in the Schedules and Statements is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

22. **Estimates**. To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

23. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, refunds, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, refunds and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

24. **Setoffs**. The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, credits, negotiations and/or disputes between the Debtors and their vendors and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

25. **Global Notes Control**. In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

26. **Confidentiality**. There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, emails, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information. The redactions are limited to only what is necessary to protect the Debtors, creditors or third-party individuals.

## General Disclosures Applicable to Schedules

27. **Classifications**. Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors

of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

28. Schedule A/B – Real and Personal Property.

    a) **Schedule A/B, Part 1 – Cash and Cash Equivalents**. The Debtors' cash balances are listed as of the Petition Date, at bank balances.

    **Schedule A/B, Part 2 – Deposits and Prepayments**. Certain retainers or deposits are accounted for in "Other Prepaid Expense" and reflect payments to professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors.

    Certain reported prepaid or amortized assets are listed in accordance with the Debtors' books and records. The amounts listed in Part 2 do not necessarily reflect assets the Debtors will be able to collect or realize. The amounts listed in Part 2 include, among other things, deposits, prepaid insurance, licenses, taxes, and other prepaid expenses.

    b) **Schedule A/B, Part 3 – Accounts Receivable**. The Debtors' reported accounts receivable includes amounts that may be potentially uncollectible. Notwithstanding the foregoing, the Debtors have used reasonable efforts to deduct doubtful or uncollectible accounts. The Debtors are unable to determine with certainty what amounts will actually be collected. Additionally, the software company denied access to the Debtor to their accounts receivable accounting software approximately ten (10) days before the filing.

    c) **Schedule A/B, Part 4 – Investments**. Ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as unknown amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

    d) **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**. Dollar amounts are presented net of accumulated depreciation and other adjustments. While individual assets comprising "Machinery and Equipment" may properly fall under Part 7 and/or Part 8 of this Schedule, the Debtors have listed all "Machinery and Equipment" under Part 7, thereby avoiding duplication.

    e) **Schedule A/B, Part 9 – Real Property**. The Debtors do not own any real property.

29. **Schedule D – Creditors Who Have Claims Secured by Property**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.

Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred before the Petition Date.

The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors made reasonable, good faith efforts to include all known liens on Schedule D.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

30. **Schedule E/F - Creditors Who Have Unsecured Claims**.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the applicable Debtors.

31. **Schedule G – Executory Contracts and Unexpired Leases**. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be reflected in Schedule G. Further, the specific Debtors obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtors and such supplier or provider. With staffing changes prior to the filing, Debtors may not have had access to all executory contracts, or to agreements that may have been signed online as subscription agreements. In such cases, the Debtors made their best efforts to determine the correct Debtor's schedule on which to list such

8

executory contracts or unexpired leases.  Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

32. **Schedule H – Codebtors**.  Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

    Schedule H also reflects guarantees or similar secondary liability obligations by Parent Debtor to the lease agreements scheduled by each Affiliate Debtors.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements.

## General Disclosures Applicable to Statements

33. **Question 1.**  The Debtors' responses to Question 1 are presented in accordance with the Debtors' books and records.

34. **Question 3**.  For certain creditors receiving payment, the Debtors maintain multiple addresses for such vendor.  Efforts have been made to attribute the correct address, however, in certain instances, multiple alternate addresses may be applicable for same named party listed in response to Question 3.

35. **Question 4**.  Individual payments to Debtor affiliates are reflected in the Debtors' responses to Question 4.  The listing of any entity as an insider does not constitute an admission or a final determination that any such entity is or is not an insider.

36. **Question 7**.  The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings.  The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.  The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

37. **Question 11**.  All payments for services of any entities that provided consultation concerning debt restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on either Debtor's respective Statements, as applicable.

38. **Question 13**.  While the Debtors have made reasonable efforts to respond comprehensively to Question 13, certain *de minimis* asset sales and transfers may be omitted unintentionally. Accordingly, such dispositions made in the ordinary course of business have not been reflected in Question 13.

39. **Question 30**.  Individual payments to directors and executive officers of the Debtors are reflected in the Debtors' responses to Question 30.  The listing of any individual as an

insider does not constitute an admission or a final determination that any such individual is or is not an insider.

**Fill in this information to identify the case:**

Debtor name   **Painted Tree Houston, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **26-32918**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    **12/15**

Part 1:   **Summary of Assets**

1.   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*................................................................................   $   **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*............................................................................   $   **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*..............................................................................   $   **0.00**

Part 2:   **Summary of Liabilities**

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................................   $   **0.00**

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................................   $   **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................................   +$   **0.00**

4.   **Total liabilities** ...........................................................................................................................
   Lines 2 + 3a + 3b                                                                                              $   **0.00**

**Fill in this information to identify the case:**

Debtor name     **Painted Tree Houston, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **26-32918**

☐ Check if this is an
amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3.   **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **JPMorgan Chase Bank, N.A.** | **Checking** | **9999** | $0.00 |
| 3.2. | **Regions Bank** | **Checking** | **6175** | $0.00 |

4.   **Other cash equivalents** *(Identify all)*

5.   **Total of Part 1.**                                                                      $0.00
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

Debtor   **Painted Tree Houston, LLC**      Case number *(If known)*  **26-32918**
    Name

| Part 4: | Investments |

**13. Does the debtor own any investments?**

   ■ No.  Go to Part 5.
   ☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

   ■ No.  Go to Part 6.
   ☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ■ No.  Go to Part 7.
   ☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ■ No.  Go to Part 8.
   ☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

   ■ No.  Go to Part 9.
   ☐ Yes Fill in the information below.

| Part 9: | Real property |

**54. Does the debtor own or lease any real property?**

   ■ No.  Go to Part 10.
   ☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |

**59. Does the debtor have any interests in intangibles or intellectual property?**

   ■ No.  Go to Part 11.
   ☐ Yes Fill in the information below.

| Part 11: | All other assets |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ■ No.  Go to Part 12.
   ☐ Yes Fill in the information below.

Official Form 206A/B      Schedule A/B Assets - Real and Personal Property      page 2

Debtor **Painted Tree Houston, LLC**  Case number *(If known)* **26-32918**
Name

Part 12:  **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*...............> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name   **Painted Tree Houston, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **26-32918**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name **Painted Tree Houston, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) **26-32918**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address | **Unknown** | **Unknown** |

**Texas Comptroller of Public Accounts**
**111 E 17th St**
**Austin, TX 78701**

As of the petition filing date, the claim is: *Check all that apply.*

■ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Franchise Tax**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?

■ No
☐ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | **Unknown** |

**New Market-Champions, LLC**
**c/o New Market Properties**
**3284 Northside Parkway Suite 515**
**Atlanta, GA 30327**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*

■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim: **Landlord**

Is the claim subject to offset? ■ No ☐ Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

Debtor   **Painted Tree Houston, LLC**
         Name

Case number (if known)   **26-32918**

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. **+** $ | 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | 0.00 |

**Fill in this information to identify the case:**

Debtor name     **Painted Tree Houston, LLC**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF TEXAS

Case number (if known)     **26-32918**

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    **12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*        *Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Lease Agreement dated 05/29/2020 for leased premises located at 5407 Cypress Creek Pkwy, Houston, TX 77069, USA. Painted Tree Houston, LLC as Tenant** | |
| | State the term remaining | **06/30/2031** | **New Market-Champions, LLC c/o New Market Properties 3284 Northside Parkway Suite 515 Atlanta, GA 30327** |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name     **Painted Tree Houston, LLC**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF TEXAS

Case number (if known)     **26-32918**

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Your Codebtors                                    **12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **Painted Tree Marketplace, LLC** | **One Allied Drive Suite 1300 Little Rock, AR 72202** | **New Market-Champions, LLC** | ☐ D _____ <br> ■ E/F __3.1__ <br> ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name      **Painted Tree Houston, LLC**

United States Bankruptcy Court for the:      SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **26-32918**

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration   _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 29, 2026**                  *X* **/s/ Joe Courtright**
                                                                   Signature of individual signing on behalf of debtor

                                                                   **Joe Courtright**
                                                                   Printed name

                                                                   **Manager of Jayhawk-PTM Investco, LLC**
                                                                   Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name   **Painted Tree Houston, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **26-32918**

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ■ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
| --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
| --- | --- | --- | --- |

Debtor   **Painted Tree Houston, LLC**                                    Case number *(if known)*   **26-32918**

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   **Painted Tree Marketplace LLC One Allied Drive Suite 1300 Little Rock, AR 72202 Parent** | | **Unknown** | **All payments to parent, Painted Tree Marketplace, LLC were transferred in the ordinary course of business. Painted Tree Marketplace, LLC maintained operations and made all payments to landlords and other vendors on behalf of its subsidiaries. See attached Global Disclaimers for further information.** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| Part 5: | Certain Losses |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

   ■ None

Debtor    **Painted Tree Houston, LLC**                                   Case number *(if known)* **26-32918**

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
| --- | --- | --- | --- |

| Part 6: | Certain Payments or Transfers |
| --- | --- |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

|  | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.1. |  | **All payments to bankruptcy professionals within the last year were paid by the Parent Debtor, Painted Tree Marketplace, LLC for the joint filing of its subsidiaries as detailed on Rider 1 to the Voluntary Petition and fully disclosed on the Statement of Financial Affairs No. 11 of Painted Tree Marketplace, LLC.** |  | **$0.00** |

| Email or website address |
| --- |

**Who made the payment, if not debtor?**
**Painted Tree Marketplace payments made on behalf of all subsidiaries.**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

Debtor **Painted Tree Houston, LLC**          Case number *(if known)* **26-32918**

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **Painted Tree Marketplace LLC One Allied Drive Suite 1300 Little Rock, AR 72202** | **All payments to parent, Painted Tree Marketplace, LLC were transferred in the ordinary course of business. Painted Tree Marketplace, LLC maintained operations and made all payments to landlords and other vendors on behalf of its subsidiaries. See attached Global Disclaimers for further information.** | | **Unknown** |
| | Relationship to debtor **Parent** | | | |

## Part 7:   Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

## Part 8:   Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

Debtor **Painted Tree Houston, LLC**                         Case number *(if known)* **26-32918**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ☐ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|
| **Shop Owners** | | **Please see attached Global Disclaimers regarding any inventory owned but not removed by the shop owners at the Debtor's store location.** | **Unknown** |

---

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

---

| Debtor | **Painted Tree Houston, LLC** | Case number *(if known)* | **26-32918** |

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13:   Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>**Dates business existed** |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26a.1. | **John Trainor Namir**<br>**One Allied Drive Suite 1300**<br>**Little Rock, AR 72202** | **6/6/24-4/14/26** |
| 26a.2. | **Jared Cooley**<br>**One Allied Drive Suite 1300**<br>**Little Rock, AR 72202** | **12/29/25-** |
| 26a.3. | **Sonny Jackson-Prince**<br>**One Allied Drive Suite 1300**<br>**Little Rock, AR 72202** | **1/5/23-** |
| 26a.4. | **Debbie Grell**<br>**One Allied Drive Suite 1300**<br>**Little Rock, AR 72202** | **09/17/2024-01/17/2025** |
| 26a.5. | **Alexis Hillsman**<br>**One Allied Drive Suite 1300**<br>**Little Rock, AR 72202** | **05/05/2023-09/13/2024** |
| 26a.6. | **Bo Stitch**<br>**One Allied Drive Suite 1300**<br>**Little Rock, AR 72202** | **2/2/26-** |

Debtor     **Painted Tree Houston, LLC**                                    Case number *(if known)*  **26-32918**

| Name and address | Date of service From-To |
|---|---|
| 26a.7.    **HoganTaylor LLP**<br>**11300 Cantrell Road Suite 301**<br>**Little Rock, AR 72212** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    **Jayhawk PTM-Investco LLC**<br>**One Allied Drive Suite 1720**<br>**Little Rock, AR 72202** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    **Relyance Bank**<br>**100 River Bluff Drive**<br>**Suite 310**<br>**Little Rock, AR 72202** |
| 26d.2.    **Bank of Little Rock**<br>**200 North State Street**<br>**Little Rock, AR 72201** |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Painted Tree Marketplace LLC** | **One Allied Drive Suite 1300 Little Rock, AR 72202** | **Member** | **100** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

| Debtor | **Painted Tree Houston, LLC** | Case number *(if known)* | **26-32918** |
| --- | --- | --- | --- |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
| --- | --- | --- | --- | --- |
| 30.1. | **Painted Tree Marketplace LLC One Allied Drive Suite 1300 Little Rock, AR 72202** | | | **All payments to parent, Painted Tree Marketplace, LLC were transferred in the ordinary course of business. Painted Tree Marketplace, LLC maintained operations and made all payments to landlords and other vendors on behalf of its subsidiaries. See attached Global Disclaimers for further information.** |
| | Relationship to debtor **Parent** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
| --- | --- |
| **Painted Tree Marketplace LLC** | EIN:      **82-2439054** |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
| --- | --- |
| | |

Debtor   **Painted Tree Houston, LLC**                                    Case number *(if known)*  **26-32918**

| Part 14: | Signature and Declaration |

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 29, 2026**

**/s/ Joe Courtright**                                          **Joe Courtright**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Manager of Jayhawk-PTM Investco, LLC**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
■ No
☐ Yes